IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00355-GCM-DSC

| | |
|---|---|
| DUKE ENERGY BENEFITS COMMITTEE,<br><br>**Plaintiff,**<br><br>v.<br><br>DEMAYO LAW OFFICES LLP AND BRIDGET HEAFNER,<br><br>**Defendants.** | |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "DeMayo Law Offices, LLP's Motion to Dismiss" (document #11) filed September 14, 2021.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be *denied*.

### I. Procedural and Factual Background

This is an action seeking equitable relief under ERISA § 502(a)(3). Plaintiff is the fiduciary of an ERISA-regulated health insurance plan (the Plan). Defendant Bridget Heafner is a beneficiary under the Plan. The Plan covered Heafner's medical expenses following a car accident. Defendant DeMayo Law Offices represented Heafner in connection with a settlement between Heafner and a third-party arising from that accident. Plaintiff, on behalf of the Plan, seeks full

1

reimbursement of all medical expenses it covered for Heafner. To that end, Plaintiff requests: declaratory relief; imposition of a constructive trust or equitable lien by agreement on the relevant settlement proceeds, including interest; payment of the entire outstanding reimbursement amount; and attorneys' fees and costs.

Accepting the factual allegations of the Complaint as true, Heafner is a beneficiary and signatory under the Plan's Health Program. Pursuant to that agreement, Heafner must reimburse the Plan in full for medical expenses paid on her behalf if she receives any settlement from a third party.

Heafner retained DeMayo to represent her in a personal injury suit following the accident in September 2018. The Plan covered Heafner's medical expenses totaling $36,698.52. DeMayo settled the personal injury suit on Heafner's behalf. But the settlement amount did not fully reimburse the Plan for Heafner's medical expenses. The settlement amount itself was greater than the reimbursement amount, but DeMayo sent the Plan only a partial reimbursement and a letter stating DeMayo "understand[s] that this does not satisfy the equitable lien and obligations between [Heafner] and [Plaintiff]" but that the partial reimbursement was the full amount that could be paid to the Plan. DE 1 at ¶ 31–32. DeMayo also advised the Plan and that it would have to seek recovery from Heafner as DeMayo had satisfied all obligations with respect to the settlement. *Id.* at ¶ 32.

Neither Heafner nor DeMayo have paid any part of the outstanding reimbursement. Finally, Plaintiff alleges that "Heafner and/or DeMayo are in possession of the Settlement Funds from which reimbursement is sought." *Id.* at ¶ 37.

2

Plaintiff filed this action on July 20, 2021 for equitable relief under ERISA § 502(a)(3) against Heafner and DeMayo Law Offices. DeMayo moved to dismiss the claim on September 14, 2021, alleging that attorneys are not liable under ERISA on the facts presented here.

The parties agree that ERISA § 502(a)(3) does not expressly address this issue. Both parties also assert that the issue has not been resolved by the Supreme Court, the Fourth Circuit, or this Court. For the reasons stated below, Supreme Court precedent does resolve the issue. And an inquiry under North Carolina state law, to which North Carolina federal courts should turn when a question remains unaddressed by ERISA or prior precedent, yields the same result.

## II. Discussion

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see Priority Auto Grp., Inc. v. Ford Motor Co.*, 757 F.3d 137, 139 (4th Cir. 2014). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In *Iqbal*, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) (alleging that government officials adopted a challenged policy "because of" its adverse effects on the protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

In *Iqbal*, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Id.* at 678. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability." *Id.*; *see E. Shore Mkts. Inc. v. J.D. Assocs., LLP*, 213 F.3d 175, 180 (4th Cir. 2000) (explaining that while the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments").

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "Where the well-pleaded facts do not permit the court

4

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and therefore should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Sons of Confederate Veterans v. City of Lexington*, 722 F.3d 224, 228 (4th Cir. 2013) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." *Neitzke*, 490 U.S. at 328; *see Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs.*, 521 F. App'x 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).

### B. ERISA Beneficiaries' Attorneys Are Subject to Suit Under § 502(a)(3)

The United States Supreme Court has held that liability under ERISA "does not depend on whether ERISA's substantive provisions impose a specific duty on the party being sued." *Harris Tr. & Savs. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 245 (2000). Rather, liability under ERISA § 502(a)(3) "admits of no limit . . . on the universe of possible defendants" so long as the relief sought is equitable. *Id.* at 246. Six years later, in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006), the Supreme Court held that the relief sought in circumstances such as those presented here is equitable. *See id.* at 363. It thus permitted the ERISA fiduciary to bring suit against the plan beneficiary for reimbursement of medical expenses from specifically identified settlement funds. *See id.* at 369.

5

While *Harris* concerned a violation of a different ERISA provision and *Sereboff* addressed the liability of the beneficiary herself, these cases are dispositive here. *See Barnhill Contracting Co. v. Oxendine*, 105 F. Supp. 3d 542, 547–49 (E.D.N.C. 2015) (relying primarily on *Harris* and *Sereboff* to allow suit to proceed against beneficiary's attorney); *Bombardier Aerospace Emp. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 352–53 (5th Cir. 2003) (relying on *Harris* to allow suit to proceed against beneficiary's attorney); *Longaberger Co. v. Kolt*, 586 F.3d 459, 467–68 (6th Cir. 2009), *abrogated on other grounds by Montanile v. Board of Trs. of Nat. Elevator Indust. Health Benefit Plan*, 577 U.S. 136 (2016) (relying on *Harris*, *Sereboff*, *Bombardier*, and Sixth Circuit precedent to allow suit to proceed against beneficiary's attorney).[1] ERISA fiduciaries can bring suit against beneficiaries' attorneys under ERISA § 502(a)(3).

Even if *Harris* and *Sereboff* did not resolve this issue, for example, because attorneys acting on behalf of their clients cannot be treated like other defendants, further inquiry yields the same result. To resolve issues where ERISA is silent, federal courts frequently look to the forum state's law, as long as it is compatible with ERISA. *See Jenkins v. Montgomery Indus., Inc.*, 77 F.3d 740, 73 (4th Cir. 1996) (affirming District of South Carolina court's application of state law to resolve an issue not addressed by ERISA). Here, North Carolina state law allows third parties to bring suit against attorneys for distributing funds where that party held a valid lien. *See Hieb v. Lowery*, 516 S.E.2d 621, 632 (N.C. Ct. App. 1999).

---

[1] In *Montanile v. Board of Trustees of Natural Elevator Industry Health Benefit Plan*, 577 U.S. 136 (2016), the Supreme Court held that a fiduciary may not bring suit to recover from the beneficiary's general assets where the settlement funds have already been spent on "non-traceable items." *Id.* At 139. Such a suit is not one for "appropriate *equitable* relief" as required by the statute. *Id.* Because the Plan has identified the settlement funds themselves for recovery here, *Montanile* does not apply.

In *Hieb v. Lowery*, the North Carolina Court of Appeals upheld the trial court's holding that an attorney was liable to the third-party creditor for refusing to honor the client's contractual obligation. *Id.* at 632. This case demonstrates that attorneys may be held liable under North Carolina law to ERISA fiduciaries if they fail to account for the fiduciaries' liens when distributing beneficiaries' settlement funds.

*Hieb* may appear distinguishable at first glance. *See Great-W. Life & Annuity Ins. Co. v. Bullock*, 202 F. Supp. 2d 461, 464 (E.D.N.C. 2002). In *Hieb*, the relevant lien was in dispute and the settlement funds were the subject of pending litigation. *Hieb*, 516 S.E.2d at 624–25. The attorney wrote a letter to the adjudicating court stating that he would "take full responsibility for those funds that [were in his possession]." *Id.* at 631 (emphasis omitted). Though the funds here were not disputed in the same sense as in *Hieb* where the funds were the subject of pending litigation, they were disputed in the sense that the Plan and other individuals considered themselves entitled to the same funds. And though DeMayo did not write a letter promising to take responsibility for the funds, they were responsible for those funds under state law. The comments to Rule 1.15 of the North Carolina Revised Rules of Professional Responsibility make clear that a C. lawyer, when handling funds on behalf of his client, "*must* refuse to surrender the property to the client" where a third party has a valid lien on those funds until the third party's claim is resolved. 27 N.C. Admin. Code 2 1.15 cmt. 16 (2019). Though "North Carolina courts and the Rules themselves reject the use of the professional code to expand attorney liability," *Bullock*, 202 F. Supp. 2d at 465, the Rules carry the same weight as the letter written by the attorney in *Hieb*. Accordingly, North Carolina state law, as set out in *Hieb*, allows attorneys to be sued if they distribute proceeds to clients while failing to account for third-party claims. *But see Bullock*, 202 F. Supp. 2d at 464.

Both Supreme Court precedent and North Carolina state law yield the same result here. An attorney is liable to a fiduciary under ERISA if he distributes settlement proceeds in a way that fails to fully account for the subrogation clause in a contract between the client and an ERISA plan. For that reason, Defendant DeMayo's Motion to Dismiss should be *denied*.

### III.     Recommendation

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "DeMayo Law Offices, LLP's Motion to Dismiss" Doc. 12, be **DENIED**.

### IV.     Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. *Diamond v. Colonial Life*, 416 F.3d 310, 315–16 (4th Cir. 2005); *Wells v. Shriners Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997); *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140, 147 (1985); *Diamond*, 416 F.3d at 316; *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003); *Wells*, 109 F.3d at 201; *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Graham C. Mullen.

**SO ORDERED.**

Signed: December 14, 2021

David S. Cayer
United States Magistrate Judge